**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

UNITED STATES OF AMERICA,

     Plaintiff,

v.                                                                    Case No. 2:23-cr-20082-MSN

KHAMRON A. ROBERTS,

     Defendant.

## ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is Chief Magistrate Judge Pham's Report and Recommendation (ECF No. 36, "Report") entered November 15, 2023.  The Report recommends that Defendant's Motion to Suppress (ECF No. 21, "Motion") be denied.  On Defendant's motion, this Court extended the time for objections until 14 days after Defendant received the suppression hearing transcript.  The parties received the transcript when it was filed on the docket on December 11, 2023.  (*See* ECF No. 39.)  Therefore, objections to the Report were due on or before December 26, 2023.  To date, no objections have been filed.  For the reasons set forth below, the Court **ADOPTS** the Report and **DENIES** Defendant's Motion to Suppress.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Criminal Procedure 59, a district court may refer a motion to suppress to a magistrate judge for the preparation of a report and recommendation. "The magistrate judge must promptly conduct the required proceedings and enter on the record a recommendation for disposing of the matter, including any proposed findings of fact." Fed. R. Crim. P. 59(b)(1).  If a party files timely objections to the recommendation, the

district court must consider those objections *de novo* and "accept, reject, or modify the recommendation." Fed. R. Crim. P. 59(b)(3). Failure to object to a magistrate judge's findings or conclusions results in forfeiture of those objections.[1] Fed. R. Crim. P. 59(b)(2).

"The filing of objections to a magistrate [judge]'s report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). Therefore, objections to a magistrate judge's report must be "specific." Fed. R. Crim. P. 59(b)(2). Vague, general, or conclusory objections are improper, will not be considered by the reviewing court, and are "tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001); *see also Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("[A] general objection to a magistrate [judge]'s report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious."); *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004) ("An 'objection' that does nothing more than state a disagreement with a magistrate [judge]'s suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context.") The Court need not review—under a *de novo* or any other standard—those aspects of a report and recommendation to which no objection is made. *Thomas v. Arn*, 474 U.S. 140, 150–52 (1985).

---

[1] Although the text of the Rule 59(b)(2) provides that a failure to object "waives a party's right to review," the Sixth Circuit has clarified that a failure to object is not a waiver, but a forfeiture. *Berkshire v. Beauvais*, 928 F.3d 520, 530 (6th Cir. 2019) ("We clarify that forfeiture, rather than waiver, is the relevant term here.") (explaining, "*Thomas v. Arn* held that 'the failure to file objections to the magistrate's report *waives* the right to appeal the district court's judgment,'" but *Arn* preceded the Supreme Court's clarification in *United States v. Olano*, 507 U.S. 725, 733 (1993).) The difference matters because forfeited issues may nevertheless be considered on appeal in certain circumstances. *Id.* (citing *Harris v. Klare*, 902 F.3d 630, 635–36 (6th Cir. 2018)).

## **DISCUSSION**

As set forth in the Report, Defendant was wanted by the DeSoto County Sheriff's Office in Mississippi for escape.  (ECF No. 36 at PageID 70.)  Defendant was arrested on June 28, 2022, after an investigation and surveillance by several law enforcement agencies.  During Defendant's arrest, several law enforcement officers observed a Glock handgun with an automatic switch visible under the driver's seat of a green Honda Accord that Defendant had entered and exited shortly before his arrest.  (*Id.* at PageID 71.)  The officers did not seize the weapon at that time; instead, they decided to get a search warrant for the vehicle because they believed there was additional evidence in it.  (*Id.* at PageID 72–73.)  After the warrant was signed, officers searched the vehicle; they retrieved the Glock handgun and also found a bag with a substance the officers believed was marijuana.  (*Id.* at PageID 73.)  After the search, officers told Defendant what they had found and that they needed to read him his *Miranda* rights before asking him some questions. (*Id.* at PageID 73–74.)  Before the officers had time to read Defendant his *Miranda* rights, however, Defendant made a statement that everything in the vehicle was his.  (*Id.* at PageID 74.)

Defendant's Motion seeks suppression of the weapon found in the green Honda Accord, arguing that (1) it was not in plain view, and (2) the search warrant was not supported by probable cause.  Defendant also seeks suppression of his statement to officers as the fruit of a defective warrant.

The Report starts with the seizure of the Glock handgun, discussing the plain view and automobile exceptions to the warrant requirement.  (ECF No. 36 at PageID 75–76.)  It concludes that, pursuant to these two exceptions, officers did not violate Defendant's Fourth Amendment rights when they seized the weapon from the vehicle, even if the search warrant was deficient.

Next, Defendant's statement.  The Report reviews the standard for suppression of evidence as "fruit of the poisonous tree," and then concludes suppression is not merited.  As the Report explains, the officers lawfully detained Defendant and lawfully seized the Glock handgun in plain view; therefore, even if the warrant was not supported by probable cause, Defendant's "spontaneous utterance . . . was not the fruit of any unlawful conduct by the officers."  (*Id.* at PageID 77.)

The Chief Magistrate Judge entered the Report on November 15, 2023, and the Report warned that objections were due within 14 days of being served with a copy of the Report and failure to object may constitute a waiver of any objections, exceptions, and any further appeal.  On Defendant's motion, this Court extended the time for objections until 14 days after Defendant received the suppression hearing transcript.  The parties received the transcript when it was filed on the docket on December 11, 2023.  (*See* ECF No. 39.)  Therefore, objections to the Report were due on or before December 26, 2023.  To date, no objections have been filed.  The Court has reviewed the Report for clear error and finds none.  Accordingly, the Court **ADOPTS** the Report in its entirety and therefore **DENIES** Defendant's Motion to Suppress.

## <u>CONCLUSION</u>

For the reasons set forth above, the Report and Recommendation (ECF No. 36) is **ADOPTED** in its entirety.  Defendant's Motion to Suppress (ECF No. 21) is **DENIED**.

**IT IS SO ORDERED**, this 2nd day of January, 2024.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE